UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
CHARLES T. GREEN,                            : CASE NO. 1:18-CV-01355
                                             :
       Plaintiff,                           :
                                             :
vs.                                          : OPINION & ORDER
                                             : [Resolving Doc. No. 1]
DETECTIVE MIKE ROSE, *et al.*,               :
                                             :
       Defendants.                          :
                                             :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Charles T. Green filed this civil rights action against Ashtabula County Detective Mike Rose, Conneaut Police Detective Michael Colby, Ashtabula County Sheriff's Deputy Patrolman Thomas Perry, and Federal Bureau of Investigation ("FBI") Agent Lance Fragomeli. In the Complaint, Plaintiff alleges the Defendants questioned him after he requested to speak to counsel and a prosecutor. He asserts claims under the Fourth, Fifth, Sixth and Fourteenth Amendments. He seeks monetary damages.

**I. Background**

Plaintiff provides very few facts in his Complaint. He states he was interviewed by Conneaut police on August 31, 2011. He indicates he was shown a photograph depicting him and a minor child and was asked to identify the child. He informed the officers that the child was the daughter of Laura Dubach, a woman to whom he had loaned money and expected repayment. He alleges Dubach did not want to repay the debt, but instead wanted to have a

personal relationship with Plaintiff. He contends she used a photograph of him purporting to engage in a sexual act in an attempt to blackmail him. He claims that when she did not get the result she sought, she turned the photograph over to police.

He states he requested to speak with counsel and to a prosecutor but neither request was honored. He was arrested and charged with pandering sexually oriented matter involving a minor and three counts of illegal use of a minor in nudity-oriented material. He was indicted again in October 2011 and charged with six counts of gross sexual imposition. He pled guilty to pandering sex and attempted illegal use of a minor and was sentenced to a total of 24 months in prison on November 29, 2012. He later pled guilty to two counts of gross sexual imposition and was sentenced to a total of six years incarceration to be served concurrent with his previous sentence. Plaintiff has now filed this action to challenge his initial questioning and his convictions.

## II. Legal Standard

The Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief.[1]

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint."[2] A pleading must contain a "short and plain statement of the

---

[1] 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).
[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

2

claim showing that the pleader is entitled to relief."[3] The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.[4] The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."[5] A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.[6] In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.[7]

### III. Analysis

As an initial matter, the only Defendant mentioned in the body of the Complaint is Detective Colby. There is no indication of any actions taken by the other Defendants. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the alleged unconstitutional behavior.[8] Because Plaintiff does not allege facts to suggest how Rose, Perry or Fragomeli participated, if at all, in the actions giving rise to this Complaint, he does not state a claim against them.

Although Plaintiff indicates Colby questioned him, he fails to state a claim upon which relief may be granted against Colby. Plaintiff alleges, without explanation, that the Defendants lacked probable cause for a warrant. Plaintiff, however, does not mention a warrant in his

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4] *Twombly*., 550 U.S. at 555.
[5] *Iqbal*, 556 U.S. at 678.
[6] *Id*.
[7] *Bibbo v. Dean Witter Reynolds*, Inc., 151 F.3d 559, 561 (6th Cir. 1998).
[8] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

Complaint. He therefore fails to provide sufficient facts to suggest that Colby or any of the other Defendants unreasonably obtain or executed it.

Plaintiff also contends he was denied the right to speak to a prosecutor during questioning. The Fifth Amendment right to counsel flows from the constitutional right against self-incrimination in a custodial interrogation, and protects the accused from involuntary confessions.[9] The Sixth Amendment right to counsel provides similar protection and attaches only after adversary judicial proceedings have been initiated against the accused, through formal charge, preliminary hearing, indictment, information, or arraignment. Neither of these rights to counsel provides a constitutional right to speak to the prosecutor during questioning.

Moreover, Plaintiff does not contend he was denied counsel during his criminal proceedings. He fails to establish the Defendants interfered with his Sixth Amendment right to counsel.

To the extent Plaintiff is alleging Colby violated his Fifth Amendment right to counsel by denying his request to have an attorney present during questioning, his claim cannot proceed. Plaintiff does not provide much information about his questioning by police or his subsequent criminal trials. To the extent that his claim, if found to have merit, would call into question the validity of his conviction, he cannot raise it in a civil rights action unless his conviction or sentences was overturned on direct appeal, or called into question by a federal court's issuance of a writ of habeas corpus.[10] He does not allege an acquittal or an overturned conviction.

---

[9] *Miranda v. Arizona*, 384 U.S. 436, 469-70 (1966).
[10] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997)

To the extent Plaintiff's claim would not call his conviction into question, it would be time-barred. Ohio's two year statute of limitations for bodily injury applies to §1983 and *Bivens* claims.[11] Plaintiff was interrogated in 2011. He was convicted in 2012 and 2013. He filed this action in 2018, more than two years after a cause of action under §1983 or *Bivens* accrued.

### IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[12]

IT IS SO ORDERED.

Dated: October 2, 2018          *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[11] *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995).
[12] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.