UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | |
|---|---|
| CHARLES T. GREEN, | : CASE NO. 1:18-CV-01355 |
| Plaintiff, | : |
| vs. | : ORDER |
| | : [Resolving Doc. No. 9] |
| DETECTIVE MIKE ROSE, *et al.*, | : |
| Defendants. | : |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Charles T. Green's files a Motion for Relief from Judgment under Federal Civil Procedure Rule 60(B)(6).[1] This Court dismissed the case under 28 U.S.C. § 1915A on October 2, 2018.[2] Plaintiff filed a Notice of Appeal to the United States Sixth Circuit Court of Appeals on October 29, 2018.[3] While that appeal was still pending, he filed this 60(B) Motion.

The filing of an appeal with the Sixth Circuit generally divests the District Court of jurisdiction over the case.[4] The District Court, in its discretion, however, may enter an order stating that it is disposed to grant a Rule 60(b) Motion. This would allow the requesting party to move Court of Appeals to remand the case, once again vesting jurisdiction in the District Court.[5]

---

[1] Doc. No. 9.
[2] Doc. No. 6.
[3] Doc. No. 8.
[4] *Erickson's Flooring & Supply Co. v. Basic Coatings, Inc.*, 370 F. App'x 632, 637 (6th Cir. 2010); *United States v. Demjanjuk*, 128 F. App'x 496, 497 (6th Cir. 2005); *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville*, 274 F.3d 377, 403 (6th Cir.2001) (internal citations omitted).
[5] *Id.*

The District Court is under no obligation to issue such an order, and in this case, this Court does not believe the Motion for Relief of Judgment should be granted. Because Plaintiff moved for Rule 60(b) relief after he filed a Notice of Appeal, this Court lacked jurisdiction to entertain the Motion.

Furthermore, the Sixth Circuit considered the merits of Plaintiff's claims, determined his appeal was frivolous, and denied his Application to Proceed *In Forma Pauperis*.[6]

Plaintiff's Motion challenges this Court's determination that his claims against Colby were barred by the two-year statute of limitations. In deciding the appeal was frivolous, the Circuit specifically stated that Green's claims against Colby were time-barred.[7] Given the Circuit's decision on the merits of the claim, this Court cannot find Plaintiff presented "extraordinary or exceptional circumstances" sufficient to support relief under Rule 60(b)(6).

Accordingly, Plaintiff's Motion for Relief from Judgment pursuant to Federal Civil Procedure Rule 60(B)(6) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[8]

IT IS SO ORDERED.

Dated: August 21, 2019            *s/    James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[6] Doc. No. 10
[7] Doc. No. 10 at 2.
[8] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.